## Hollingshead v. Boyertown Area School District

A. *Martin Herring*, for plaintiff.
*Philip Salkin*, for defendant.

WESNER, *J.*, May 8, 1981—On November 18, 1980 plaintiff filed a complaint in mandamus requesting this court to compel defendant to deliver to plaintiff a professional employe contract. In her complaint plaintiff states that defendant refused to tender said contract to plaintiff and contends that defendant thereby failed to comply with the provisions of the Public School Code.[1] A nonjury trial was held on March 17, 1981.

In 1974 plaintiff was employed by the Boyertown Area School District as a social worker in a Federally funded program. Her letter of appointment and the minutes of the Board of School Directors indicated her appointment as a social worker was on a year to year basis in this program. At this time, plaintiff was informed that her position as social worker was not a professional position and that she would not be treated as a tenured employe. Subsequently, plaintiff alleged her classification as social worker was incorrect and that she should have been classified as a home and school visitor[2] and been awarded a professional employe contract.

1. Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §11-1101.

2. 24 P.S. §13-1341.

In order for plaintiff to receive the designation of professional employe, she must show that she comes within the Public School Code provisions for such classifiction. The Public School Code, 24 P.S. §11-1101, states as follows:

"The term 'professional employe' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses."

In 24 P.S. §11-1141, the term teacher is defined as:

"'Teacher' shall include all professional employes and temporary professional employes, who devote fifty per centum (50%) of their time, or more, to teaching or other direct educational activities, such as class room teachers, demonstration teachers, museum teachers, counsellors, librarians, school nurses, dental hygienists, home and school visitors, and other similar professional employes and temporary professional employes, certificated in accordance with the qualifications established by the State Board of Education."

Plaintiff here holds certification in elementary education and as a home and school visitor. These, however, were not the duties she was performing 50 percent of her time. The Public School Code provides that the duties of the home and school visitor shall be to enforce the provisions of the act regard-

ing compulsory attendance. The superintendent of the Boyertown Area School District testified that attendance officers are engaged for this purpose and that plaintiff did not perform this type of duty.

The testimony established that plaintiff spends well over 50 percent of her time performing duties for which either no certification is required (social worker) or for which she is not certified (school counselor).

Where a position does not require certification (social worker), then the person holding that position cannot properly be deemed a professional employe within the provisions of the Public School Code. Nor can an individual devoting 50 percent or more of her time performing duties for which she is not certified (school counselor) be deemed a professional employe. Accordingly, we enter the following

## ORDER

And now, May 8, 1981, it appearing that plaintiff has failed to establish that she is a professional employe as defined in the Public School Code, it is ordered and decreed that plaintiff is not entitled to a professional employe contract, and plaintiff's request for relief is denied.